UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID MOSS,

Plaintiff,

v.

BARBARA C. GUINN, RAJNI CHAWLA, CHERYL CONTENTO, VALERIE T. FIGUEROA, MALINKA GUITIERREZ, LOGAN N.E. JOSEPH, RENEE NOWICKI, EILEEN M. STACK, RICHARD WELLS-CRANNELL, RICHARD UMHOLTZ, SAMUEL L. SPITZBERG, ERIC SHWENZFEIER, THOMAS COOPER, DONNOVAN BECKFORD, JANE DOE 1-2, JOHN DOE 1-2, SHERRILL J. COLLINS,

Defendants.

**MEMORANDUM AND ORDER**

25-CV-6763 (LDH)(AYS)

LASHANN DEARCY HALL, United States District Judge:

David Moss ("Plaintiff") brings claims against Barbara C. Guinn, Rajni Chawla, Cheryl Contento, Valerie T. Figueroa, Malinka Guitierrez, Logan N.E. Joseph, Renee Nowicki, Eileen M. Stack, Richard Wells-Crannell, Richard Umholtz, Samuel L. Spitzberg, Eric Shwenzefeier, Thomas Cooper, Donnovan Beckford, Jane Doe 1-2, John Doe 1-2, and Sherril J. Collins ("Defendants") alleging violations of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (Compl., at ECF No. 1.)

Plaintiff's Complaint is missing an original signature. The Court requires that papers must be filed with an original signature. Rule 11(a) of the Federal Rules of Civil Procedure requires plaintiffs to "personally" sign their documents. The Supreme Court has interpreted this as requiring *pro se* plaintiffs to sign pleadings, motions, and other papers with "a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Consequently, Plaintiff's Complaint and request to proceed *in forma pauperis* ("IFP") must be

hand-signed. The Court sent Plaintiff a notice on December 22, 2025 informing Plaintiff of the deficiency and ordering Plaintiff remedy the deficiency within fourteen days. (Not., ECF No. 5.) On April 24, 2026, the Court extended Plaintiff's time to comply with the December 22, 2025 order to May 1, 2026. (April 24, 2026 Order.) Plaintiff again failed to comply with the Court's order. As a result, Plaintiff's Complaint is deficient because it lacks Plaintiff's original signature.

In addition, mail sent to numerous addresses that Plaintiff submitted to the Court have returned as undeliverable. (ECF Nos. 7, 8,9.) Plaintiff is obligated to notify the court of any change of address during the pendency of the action. *Citak v. More Consulting Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *2 (E.D.N.Y. Oct. 25, 2018) (collecting cases). "If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." *Id.* (internal quotation marks and citations omitted); *see also Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[N]o remedy other than dismissal makes sense" when the Court is unable to reach the plaintiff). The Court has been unable to reach Plaintiff at the designated addresses.

In light of Plaintiff's failure to remedy the filing deficiency and to provide the Court with an updated address, the Court dismisses each of Plaintiff's actions without prejudice. The Clerk of Court is requested to send a copy of this Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge